UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-80391-CIV-MARRA

UNITED STATES OF AMERICA,   )
                            )
         Plaintiff,         )
vs.                         )
                            )
                            )
LILIANNE COURAGEUX,         )
                            )
         Defendant.         )
_____)

## OPINION AND ORDER

**THIS CAUSE** is before the Court upon Plaintiff's Motion For Summary Judgment [DE 7]. On June 28, 2013, the Court entered a Notice of Summary Judgment [DE 8] in accordance with *Griffith v. Wainwright*, 772 F.2d 822, 824 (11th Cir. 1988). This Notice directed Defendant to file any opposing papers with the Court by July 26, 2013. It further advised that if Defendant failed to submit the necessary papers, pursuant to Local Rule 56.1(b), the Court would accept as true all material facts set forth in the motion provided that the Court finds that the movant's statement is supported by evidence in the record. No response to the motion has been filed. As such, this case is ripe for adjudication. The Court has carefully considered the record, applicable law, and is otherwise fully advised in the premises.

## Background

Defendant Lilianne Courageux executed a promissory note to secure a loan from the U.S. Department of Education for student Carlos Courageux to attend Keiser Career Institute [DE 7-

1

1].[1] This loan was made by the U.S. Department of Education under the William D. Ford Federal Direct Loan Program under Title IV, Part D of the Higher Education Act of 1965, as amended, 20 U.S.C. 1087a et seq. (34 C.F.R. Part 685) [DE 7-2].

Pursuant to the Certificate of Indebtedness submitted by Plaintiff, the loan was disbursed for $3,019.00 on 03/03/99-04/28/99 at a variable rate of interest to be established annually [*Id*.]. The Promissory Note states, in part, "I promise to pay the U.S. Department of Education all sums . . . disbursed under this Promissory Note plus interest, and other fees which may become due, **as provided in this Promissory Note**." [DE 7-1, Emphasis Added]. The Promissory Note, however, contains no information regarding the basis upon which interest was to be calculated. The Promissory Note also states, "My signature certifies that I have read, understand, and agree to the terms and conditions of this Application and Promissory Note and the statement of Borrower's Rights and Responsibilities" [*Id*.]. The Borrower's Rights and Responsibilities was not produced. The Application appears to be the same document as the Promissory Note. Therefore, based upon the Promissory Note produced by Plaintiff, the Court cannot ascertain the interest rate that Defendant agreed to pay.

Plaintiff demanded payment, and Defendant defaulted on this loan on January 2, 2002. [DE 7-2]. Pursuant to 34 C.F.R. §685.202(b), upon this default, unpaid interest of $307.62 was capitalized and added to the principal balance. *Id.*

Payments from all sources in the amount of $250.00 were credited to the balance by the U.S. Department of Education. Id.

---

[1]Plaintiff's motion papers state that Defendant executed this note on 02/16/1999 [DE 7 at 6 ¶2]; however, Defendant's signature is undated [DE 7-1].

In her response to Plaintiff's Complaint, which Plaintiff's counsel filed with the Court on May 28, 2013 [DE 5], Defendant claims to have already paid the promissory note in full and attached a Western Union receipt showing a payment [DE 7-3]. This payment, however, relates to a different loan that Defendant signed on behalf of Amane Courageus [*Id*.]. Defendant has presented no evidence demonstrating that the loan at issue in the instant case was paid.

The Certificate of Indebtedness submitted by the Government in support of its motion [DE 7-2] indicates that after application of all payments, the balance owed by Defendant as of July 15, 2011 is $5,064.06 ($3,241.22 in principal and $1,822.84 in interest), with interest continuing to accrue from that date at a rate of 3.16% and a daily rate of $0.28 through June 30, 2012, and thereafter at such rate as the U.S. Department of Education establishes pursuant to Section 455(b) of the Higher Education Act of 1965, as amended, 20 U.S.C. 1087e [*Id*.].

The Government's motion seeks recovery of $3,241.22 in principal and $2,014.47 in interest as of May 28, 2013, plus interest at the rate of 3.19% per annum on the unpaid principal to the date of a judgment. The Government requests that the Court reserve jurisdiction to enter attorney's fees and costs [DE 7-6].

## **Standard of Review**

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court should view the evidence and any inferences that may be drawn from it in the light most favorable to the non-movant. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of

material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).  The burden then shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

The Court is required to consider the merits of the motion despite a lack of response by Defendant, *Reese v. Herbert*, 527 F.3d 1253, 1269 (11th Cir. 2008), and must ensure the motion itself is supported by evidentiary materials.  *See United States v. One Piece of Real Property Located at 5800 SW 74th Ave.*, 363 F.3d 1099, 1101 (11th Cir. 2004).

## Discussion

The record evidence demonstrates that there is no genuine issue of material fact in dispute relative to the default on the loan.  The Defendant's Answer [DE 5] does not defeat the Plaintiff's Motion for Summary Judgment since it refers to a different loan.

Summary judgment is not appropriate, however, relative to the total amount sought by Plaintiff, because insufficient evidence was submitted by Plaintiff to establish that Defendant agreed to pay interest in the amounts set forth in Plaintiff's papers.  The Court will grant Plaintiff's motion as to the default for failure to pay off the loan, but will deny the amount sought without prejudice to Plaintiff submitting an affidavit providing the Court with documents supporting its position that Defendant agreed to the basis upon which interest was to be calculated on the loan.

### Conclusion

In accordance with the conclusions made above, it is hereby

**ORDERED AND ADJUDGED** that

1. Plaintiff's Motion For Summary Judgment **[DE 7]** is **GRANTED IN PART and DENIED IN PART**. The Court **GRANTS** the motion to the extent that the Court finds that Defendant failed to pay off the loan at issue. The Court **DENIES** the amount sought by Plaintiff **WITHOUT PREJUDICE**.

2. Plaintiff may submit a supplemental affidavit, on notice to Defendant, providing the Court with documents supporting its position that Defendant agreed to the basis upon which interest was to be calculated on the loan by **August 30, 2013**. If Plaintiff is unable to provide such evidence, Plaintiff shall, by that date, provide the Court with a supplemental affidavit, on notice to Defendant, recalculating the amount owed by Defendant.

3. In accordance with Fed. R. Civ. P. 58, final judgment will be entered by separate order after Plaintiff submits its supplemental affidavit.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 29th day of July, 2013.

_____
KENNETH A. MARRA
UNITED STATES DISTRICT JUDGE